# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY | : |
| 7233 East Butherus Drive | : |
| Scottsdale, AZ 85260 | : |
| v. | : |
| | : |
| 200 CHRISTIAN STREET PARTNERS, LLC | : Civil Action No. 18-1545 |
| 2320 South Street | : |
| Philadelphia, PA 19146 | : |
| and | : |
| VIRGIL PROCACCINO | : |
| 2320 South Street | : |
| Philadelphia, PA 19146 | : |
| and | : |
| ARTHUR ELWOOD | : |
| 2320 South Street | : |
| Philadelphia, PA 19146 | : |
| and | : |
| CHRISTIAN STREET DEVELOPERS, LLC | : |
| 124 Kenilworth Road | : |
| Merion, PA 18902 | : |
| and | : |
| 12th AND LOMBARD ASSOCIATES, LLC | : |
| 2322 South Street | : |
| Philadelphia, PA 19146 | : |
| and | : |
| ZACHARY KLEHR and DEBORAH | : |
| GORDON KLEHR, h/w | : |
| 507 South 12th Street | : |
| Philadelphia, PA 19147 | : |
| and | : |
| HARMAN DEUTSCH CORP. | : |
| 631 North 12th Street | : |
| Philadelphia, PA 19123 | : |
| and | : |
| CHRISTIAN STREET PARTNERS, LLC | : |
| 150 S. 6th Street | : |
| Philadelphia, PA 19146 | : |
| and | : |
| AB CONSTRUCTION, LLC | : |
| 11614 Proctor Place | : |
| Philadelphia, PA 19116 | : |
| | : |

25369193v.1

-2-

| | |
|---|---|
| TIR EOGHAIN CONSTRUCTION INC. d/b/a | : |
| DUGGAN EXCAVATION | : |
| 446 Cedarwood Lane | : |
| Elkins Park, PA 19027 | |
| and | : |
| E&A DRYWALL CORPORATION | : |
| 220-246 North 38th Street | : |
| Camden, NJ 08105 | : |
| | : |
| HIGH END DESIGN INSTALLATIONS, LLC | : |
| 2840 Pine Road, Unit A3 | : |
| Huntingdon Valley, PA 19006 | : |
| | : |
| JELD WEN WINDOWS AND DOORS | : |
| 1162 Keystone Boulevard | : |
| Pottsville, PA 17901 | : |
| | : |
| MAXI-TECH ROOFING, INC. | : |
| 3345 Ashville Street | : |
| Philadelphia, PA 19136 | : |
| | : |
| PHILLY BRICK AND STONE | : |
| RESTORATION, LLC | : |
| 9311 James Street, Suite B | : |
| Philadelphia, PA 19114 | : |
| | : |
| TAGUE LUMBER OF MEDIA, INC. | : |
| 325 Media Station Road | : |
| Media, PA 19063 | : |
| | : |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Nautilus Insurance Company, ("Nautilus"), by and through the undersigned counsel hereby requests this Honorable Court to grant it declaratory relief as follows:

1. This is an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* to determine whether Nautilus is obligated to defend 200 Christian Street Partners, Christian Street Developers, LLC, 12th & Lombard Associates, LLC, Virgil Procaccino, and Arthur Elwood in an underlying lawsuit pending in the Court of Common Pleas of Philadelphia County at September Term 2017 No. 02547 and captioned, *Zachary Klehr and Deborah Gordon Klehr*

-2-

25369193v.1

*v. Virgil Procaccino, Arthur Elwood, 200 Christian Street Partners et al.*("the underlying action"). A true and correct copy of the second amended complaint filed in the underlying action is attached hereto as Exhibit "A".[1]

2.      On January 18, 2018, 200 Christian Street Partners, Virgil Procaccino and Arthur Elwood filed a joinder complaint in the underlying action, joining AB Construction, LLC; Tir Eoghain Construction, Inc. d/b/a Duggan Excavation; E&A Drywall Corporation; High End Design Installations, LLC; Jeld Wen Windows and Doors; Maxi-Tech Roofing, Inc.; Philly Brick and Stone Restoration, LLC; and Tague Lumber of Media, Inc. as additional defendants. A true and correct copy of the joinder complaint filed in the underlying action is attached hereto as Exhibit "B" (exhibits omitted).

3.      Nautilus is currently providing a defense to 200 Christian Street Partners LLC, Christian Street Developers, LLC, 12th & Lombard Associates, LLC, Virgil Procaccino and Arthur Elwood, ("the Insureds") under Nautilus's Policy No. NN403063 in effect from October 23, 2013 through October 23, 2014.  A true and correct copy of that policy is attached hereto and marked as Exhibit "C" (premiums redacted).

4.      In this action, Nautilus seeks a declaration that the allegations made by plaintiffs in the underlying action do not constitute an occurrence as that term is utilized in Nautilus's policy and as that term has been defined by Pennsylvania law. Further, Nautilus seeks a declaration that because the allegations of the underlying action do not constitute an occurrence, Nautilus is not required to defend the insureds in the underlying action and that it may withdraw from their defense in that underlying action. In the alternative, Nautilus seeks declarations that

---

[1] The Second Amended Complaint in the Underlying Action also names MLD Land Inc. and Procaccino Design, LLC as defendants.  Both of these entities, through their counsel, have acknowledged that they are not insureds under the Nautilus Policy at issue and are therefore not entitled to coverage (including a defense).

-3-

other portions of its policy provide that Nautilus has no obligation to indemnify the Insureds with respect to all or some of the damages which might be imposed upon the Insureds even if, *arguendo,* the court should determine that a duty to defend does exist.

5. Nautilus is incorporated in Arizona. Its principal place of business is located at 7233 East Butherus Drive, Scottsdale, AZ. It is an approved surplus lines insurance company in Pennsylvania and its policies are sold in Pennsylvania.

6. 200 Christian Street Partners LLC is a Pennsylvania limited liability company with an address of 2320 South Street, Philadelphia, PA 19146.

7. Christian Street Developers, LLC is a Pennsylvania limited liability company with an address of 124 Kenilworth Road, Merion, PA 18902.

8. 12th & Lombard Associates, LLC is a Pennsylvania limited liability company with an address of 2322 South Street, Philadelphia, PA 19106.

9. Virgil Procaccino ("Procaccino") is a citizen of the Commonwealth of Pennsylvania and a partner in 200 Christian Street Partners, Christian Street Developers, LLC and 12th & Lombard Associates, with an address of 312 Willings Alley, Philadelphia, PA 19125.

10. Arthur Elwood ("Elwood") is a citizen of the Commonwealth of Pennsylvania and a partner in 200 Christian Street Partners, Christian Street Developers, LLC and 12th & Lombard Associates, with an address of 2320 South Street, Philadelphia, PA 19146.

11. Zachary Klehr and Deborah Gordon Klehr are husband and wife, adult, individuals who are citizens of the Commonwealth of Pennsylvania, who reside at 507 South 12th Street, Philadelphia, PA 19147.

12. Harman Deutsch Corp. is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 631 North 12th Street,

Philadelphia, PA 19123.  It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

13. Harman Deutch Corp. is not an insured under the Nautilus Policy at issue.

14. Christian Street Partners LLC is a Pennsylvania limited liability company with an address of 150 S. 6th Street, Philadelphia, PA 19006.  It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

15. Christian Street Partners, LLC is not an insured under the Nautilus Policy at issue.

16. AB Construction, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business at 11614 Proctor Place, Philadelphia, PA 19116. The sole member of AB Construction, LLC is Agim Bajrami who is a citizen of the Commonwealth of Pennsylvania residing at 11614 Proctor Place, Philadelphia, PA 19116. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

17. AB Construction, LLC is not an insured under the Nautilus Policy at issue.

18. Tir Eoghain Construction, Inc., d/b/a Duggan Excavation, is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 446 Cedarwood Lane, Elkins Park, PA 19027. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

19. Tir Eoghain Construction, Inc., d/b/a Duggan Excavation is not an insured under the Nautilus Policy at issue.

20. E&A Drywall Corporation is a corporation organized under the laws of the State of New Jersey with a principal place of business located at 220-246 North 38th Street, Camden,

-6-

NJ 08105. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

21. E&A Drywall Corporation is not an insured under the Nautilus Policy at issue.

22. High End Design Installations, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2840 Pine Road, Unit A3, Huntingdon Valley, PA 19006. The members of High End Design Installations, LLC are Nadezhda Svishov, a citizen of the Commonwealth of Pennsylvania residing at 936 Gladwyne Road, Warminster, PA 18974; Volodymyr Sokol, a citizen of the Commonwealth of Pennsylvania residing at 10902 Nandina Court, Philadelphia, PA 19116; and Igor Nagrebelnoi, a citizen of the Commonwealth of Pennsylvania residing at 1110 Selmer Road, Philadelphia, PA 19116. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

23. High End Design Installations, LLC is not an insured under the Nautilus Policy at issue.

24. Jeld Wen Windows and Doors is a corporation organized under the laws of the State of Oregon with a principal place of business located at 401 Harbor Isles Boulevard, Klamath Falls, Oregon 97601, and a place of business located at 1162 Keystone Boulevard, Pottsville, PA 17901. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

25. Jeld Wen Windows and Doors is not an insured under the Nautilus Policy at issue.

26. Maxi-Tech Roofing, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3345 Ashville

Street, Philadelphia, PA 19136. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

27. Maxi-Tech Roofing, Inc. is not an insured under the Nautilus Policy at issue.

28. Philly Brick and Stone Restoration, LLC is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 9311 James Street, Suite B, Philadelphia, PA 19114. The sole member of Philly Brick and Stone Restoration, LLC is William Decker, a citizen of the Commonwealth of Pennsylvania residing at 9311 James Street, Suite B, Philadelphia, PA 19114. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

29. Philly Brick and Stone Restoration, LLC is not an insured under the Nautilus Policy at issue.

30. Tague Lumber of Media, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 325 Media Station Road, Media, PA 19063. It is joined in this matter as a nominal defendant for purpose of seeking a declaratory judgment.

31. Tague Lumber of Media, Inc. is not an insured under the Nautilus Policy at issue.

32. The amount in controversy exceeds $75,000.00 in that the underlying action seeks damages in excess of $150,000.00 and the Nautilus policy in question has an "each occurrence" limit of $1,000,000.00. Thus, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

33. This matter arises from a second amended complaint filed in the underlying action which alleges that a home built for Zachary and Deborah Klehr by 200 Christian Street Partners LLC, Christian Street Developers LLC, 12th & Lombard Associates LLC, and Procaccino and Elwood was defectively designed and constructed and that 200 Christian Street Partners LLC,

Christian Street Developers LLC, 12th & Lombard Associates LLC, Procaccino and Elwood made numerous and various misrepresentations to the Klehrs concerning the construction of the home and efforts allegedly taken to remediate construction defects. Based on these allegations, the complaint in the underlying action pleads six causes of action against the insureds: (1) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; (2) breach of contract; (3) breach of implied warranties; (4) negligence in the construction of the home; (5) negligence in the selection and supervision of employees and subcontractors to build the home; (6) civil conspiracy; and (7) piercing the corporate veil. Each of the counts of the complaint seeks "actual damages," "treble damages," "punitive damages," other "consequential damages" and damages for the diminution of value in the home allegedly caused by the defendants' shoddy work and misrepresentations.

34. The defects described in the underlying action are alleged to have manifested themselves beginning on December 16, 2013. Accordingly, although Nautilus issued policies to 200 Christian Street Partners LLC for policy years October 23, 2012 through October 23, 2013, October 23, 2014 through October 23, 2015, and October 23, 2015 through October 23, 2016, the only applicable policy under the provisions of the policies themselves and applicable Pennsylvania law is Policy No. NN403063 in effect from October 23, 2013 through October 23, 2014.

35. That policy contains the following insuring agreement:

> **SECTION I- COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY**
> **DAMAGE LIABILITY**
> 1. Insuring Agreement
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right

-8-

and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section Ill – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

(3) No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or

(4) authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

36. The insuring agreement states that in order to be covered "property damage" must be caused by an "occurrence" that takes place in the "coverage territory". The policy contains the following definition of "occurrence":

-9-

25369193v.1

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

37. The policy also contains the following exclusion:

   a. Expected Or Intended Injury

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

38. The policy also contains the following exclusion:

   j. Damage To Property "Property damage" to:

   . . . .

   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

   . . . .

   Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

   Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

39. The policy also contains the following definition:

   16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   (a) When all of the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  b. Does not include "bodily injury" or "property damage" arising out of:

    (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

    (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

40. The policy also contains the following definition:

  21. "Your product":

    a. Means:

     (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (a) You;

      (b) Others trading under your name; or

      (c) A person or organization whose business or assets you have acquired; and

     (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

      b.    Includes

          (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

          (2)    The providing of or failure to provide warnings or instructions.

      c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

41.    The policy also contains the following definition:

    22.    "Your work":

      a.    Means:

          (1)    Work or operations performed by you or on your behalf; and

          (2)    Materials, parts or equipment furnished in connection with such work or operations.

      b.    Includes

          (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

          (2)    The providing of or failure to provide warnings or instructions.

42.    The policy also contains the following endorsement:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART

    OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY
COVERAGE PART

The following exclusion is **added to 2. Exclusions of Section 1**:

This insurance does not apply to punitive or exemplary damages.
All other terms and conditions of this policy remain unchanged.

43. The policy also contains the following exclusion:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE
READ IT CAREFULLY.

**EXCLUSION - MICROORGANISMS, BIOLOGICAL**

**ORGANISMS,**

**BIOAEROSOLS OR ORGANIC CONTAMINANTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusions are **added** to **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability and Coverage C – Medical Payments:**

This insurance does not apply to:

1. "Bodily injury", "property damage", "personal and advertising injury", or medical payments arising out of, related to, caused by or in any way connected with the exposure to, presence of, formation of, existence of or actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of any microorganisms, biological organisms, bioaerosols or organic contaminants including, but not limited to, mold, mildew, fungus, spores, yeast or other toxins, mycotoxins, allergens, infectious agents, wet or dry rot or rust, or any materials containing them at any time, regardless of the cause of growth, proliferation or secretion.

2. Any loss, cost or expense arising out of any:

    a. Request, demand, order, or requirement by or on behalf of any authority, governmental or otherwise, that any insured or others abate, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, remediate or dispose of, or in any way respond to, or assess the effects of microorganisms, biological organisms, bioaerosols or organic contaminants including, but not limited to,

-13-

        mold, mildew, fungus ,spores, yeast, or other toxins, mycotoxins, allergens, infectious agents, wet or dry rot or rust, or any materials containing them at any time, regardless of the cause of growth, proliferation or secretion; or

    b.    Claim or "suit" by or on behalf of any authority, governmental or otherwise, for damages because of abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of microorganisms, biological organisms, bioaerosols or organic contaminants including, but not limited to, mold, mildew, fungus, spores, yeast, or other toxins, mycotoxins, allergens, infectious agents, wet or dry rot or rust, or any materials containing them at any time, regardless of the cause of growth, proliferation or secretion.

    We shall have no duty to investigate, defend, or indemnify any insured in any action or proceeding alleging damages arising out of direct or indirect contact with, any exposure to, or the ingestion, inhalation or absorption of any microorganisms, biological organisms, bioaerosols, or organic contaminants including, but not limited to, mold, mildew, fungus, spores, yeast or other toxins, mycotoxins, allergens, infectious agents, wet or dry rot or rust, or any materials containing them at any time, regardless of the cause of growth, proliferation or secretion.

    This exclusion does not apply to any fungi, bacteria, microorganisms or biological organisms that are, are on, or are contained in, a good or product intended for bodily consumption.

All other terms and conditions of this policy remain unchanged.

## COUNT I – DECLARATORY JUDGMENT/ABSENCE OF OCCURRENCE

44.    Nautilus incorporates herein by reference the averments of paragraphs 1-43 of this complaint as though here set forth at length.

45.    Under Pennsylvania law, an insurer's duty to defend an insured is determined by the allegations of the complaint in question.

46.    The allegations in the amended complaint in the underlying action do not aver an "occurrence" as that term is defined in Nautilus's policy and applicable Pennsylvania law.

-14-

25369193v.1

47.     As a result, there is no coverage under the Nautilus policy for the underlying action and Nautilus therefore is entitled to a declaration that it has no obligation under the Nautilus policy to defend or indemnify 200 Christian Street Partners, LLC, Christian Street Developers LLC, 12th & Lombard Associates LLC, Virgil Procaccino or Arthur Elwood in connection with the underlying action.

48.     Nautilus further requests an order permitting it to withdraw from the defense of those three parties in the underlying action.

**COUNT II – DECLARATORY JUDGMENT/EXPECTED OR INTENDED INJURY**

49.     Nautilus incorporates herein by reference the averments of paragraphs 1-48 inclusive of this complaint as though same were here set forth at length.

50.     The amended complaint in the underlying action avers (¶ 75) that the statements made by Virgil Procaccino and Arthur Elwood to the plaintiff concerning the construction of the home and source of the problems with it were known to be false, (or that the defendant should have known that the representations were false); that the defendants Procaccino and Elwood took profits from 200 Christian Street Partners so as to make that company financially incapable of meeting its repair and remediation obligations, (¶ 201); that the defendants deliberately ignored applicable building codes and standards knowing that in doing so they would permit water to infiltrate the home (¶¶ 168-175); that the defendants actions were "knowing . . . intentional [and taken with] an evil motive and actual malice (¶ 207); and that the defendants conspired and agreed among themselves to fraudulently represent to the Klehrs that the home in question would be designed and constructed without major defects when in fact the defendants had no intention of doing so (¶¶ 251-252).

51.     These and other averments of the amended complaint plead harm "expected or intended from the standpoint of the insured".

-15-

52. Nautilus therefore seeks a declaration that there is no coverage under Coverage A of the Nautilus policy for the damages sought by the plaintiffs in the underlying action because all such damage was expected or intended from the standpoint of Nautilus's insureds or substantially certain to result from their acts or omissions and that, therefore, Nautilus has no obligation to indemnify 200 Christian Street Partners, LLC, Christian Street Developers LLC, 12th & Lombard Associates LLC, Arthur Elwood or Virgil Procaccino in connection with the underlying action.

### COUNT III – DECLARATORY JUDGMENT/EXCLUSION 2. j.(6)

53. Nautilus incorporates herein by reference as though here set forth at length the averments of paragraphs 1-52.

54. Exclusion 2. j.(6) of the Nautilus policy provides that there is no coverage for that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

55. The second amended complaint in the underlying action alleges almost exclusively damages for work performed by or on behalf of 200 Christian Street Partners, Christian Street Developers LLC, 12th & Lombard Associates LLC Arthur Elwood and Virgil Procaccino that has to be restored, repaired or replaced because the work was incorrectly performed.

56. Nautilus, therefore, seeks a declaration that there is no coverage under the policy for all work incorrectly performed by or on behalf of Nautilus' Insureds in the first place.

### COUNT IV – DECLARATORY JUDGMENT/PUNITIVE DAMAGES EXCLUSION

57. Nautilus incorporates herein by reference the averments of paragraphs 1-56 of this complaint as though here set forth at length.

58. The second amended complaint in the underlying action seeks punitive damages with respect to each count of that amended complaint.

59. The Nautilus policy excludes coverage for punitive and exemplary damages.

60. Nautilus, therefore, requests this court to declare that there is no coverage under the Nautilus policy for any award of punitive or exemplary damages based on the punitive and exemplary damage exclusion of the Nautilus policy.

**COUNT IV – DECLARATORY JUDGMENT/EXCLUSION -  MICROORGANISMS, BIOLOGICAL ORGANISMS, BIOAEROSALS OR ORGANIC CONTAMINANTS**

61. Nautilus incorporates herein by reference the averments of paragraph 1-60 of this complaint as though here set forth at length.

62. The second amended complaint in the underlying action is replete with allegations that the defective construction lead to the development of mold, mildew and fungus.

63. The policy endorsement excluding coverage for "microorganisms, biological organisms, bioaerosols or organic contaminants" provides, in part:

> We shall have no duty to investigate, defend or indemnify any insured in any action or proceeding alleging damages arising out of direct or indirect contact with, any exposure to, or the ingestion, inhalation or absorption of any microorganisms, biological organisms, bioaerosols or organic contaminants including, but not limited to, mold, mildew, fungus . . . .

64. In the alternative, Nautilus seeks a declaration that it has no obligation to indemnify the insureds for any property damage arising out of, related to, caused by or in any way connected with the presence of such organisms.

WHEREFORE, Nautilus respectfully requests that this court enter declaratory judgments in its favor as set forth in each of the counts of this complaint and, on the basis of the averments set forth in Counts I through IV of this complaint, enter an order declaring that Nautilus is entitled to withdraw the defense it is currently providing to 200 Christian Street Partners, LLC, Christian

Street Developers LLC, 12th & Lombard Associates LLC and Arthur Elwood and Virgil Procaccino in in the underlying action.

**WHITE AND WILLIAMS, LLP**

BY: */s/ Anthony L. Miscioscia*
Anthony L. Miscioscia
Justin K. Fortescue
Attorney I.D. No. 69215/203999
1650 Market Street, Suite 1800
Philadelphia, PA 19103
215-864-7000
miscioskiaa@whiteandwilliams.com
fortescuej@whiteandwilliams.com.com
Attorneys for Nautilus Insurance Company

Date: October 15, 2020